# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |
|---|---|
| **IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II)** | ) **Case No. 3:23-md-3071** <br> ) **MDL No. 3071** <br> ) <br> ) **This Document Relates to: ALL CASES** <br> ) |

## <u>ORDER</u>

Before the Court is the Joint Motion for Discovery Conference ("Joint Motion") (Doc. No. 1128) filed by Plaintiffs and Defendant Rose Associates, Inc. ("Rose"). For the reasons below, the Joint Motion will be denied.

As the parties' discovery dispute statement explains (<u>see</u> Doc. No. 1128-1), Plaintiffs asked Rose to produce all structured data responsive to their First Set of Requests for Production to all Property Manager Defendants. It appears Rose produced structured data for fifteen "[p]roperties where Rose makes pricing decisions" using the RealPage software, but has not produced data for five "[p]roperties where the building owner [as opposed to Rose] makes all pricing decisions" using the RealPage software. (Doc. No. 1128-1 at 6). Plaintiffs want data for the other five, but Rose argues this data is irrelevant and unduly burdensome to produce.

The Court appreciates Rose's argument that because it does not make pricing decisions for the five properties at issue, Plaintiffs' request for structured data as to these properties may be nothing "more than a fishing expedition." (<u>Id</u> at 8). But this case is about alleged horizontal price-fixing using the RealPage software. While Rose understandably is reluctant to implicate its client, Plaintiffs' request is relevant because it will identify who used the RealPage software at the five properties in question and who may have been part of the conspiracy. This potential evidence goes

to the heart of Plaintiffs' case.  Without any supporting affidavit or declaration by Rose, the Court cannot conclude that production of these documents would be unduly burdensome.  Rose is in possession of relevant documents responsive to Plaintiffs' discovery requests, and Federal Rule of Civil Procedure 34(a)(1) requires their production.

For these reasons, the Joint Motion for Discovery Conference (Doc. No. 1128) is **DENIED**. Rose shall produce structured data for all twenty of its RealPage AI revenue management software properties that are responsive to Plaintiffs' First Set of Requests for Production.

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE